UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER PETERSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br><br>MARC JACOBS INTERNATIONAL, L.L.C.<br><br>　　　　　　　　　　　Defendant. | Docket No. 1:19-cv-6121<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Peterson ("Peterson" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Marc Jacobs International, L.L.C. ("Marc Jacobs" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of model Bella Hadid and her boyfriend The Weeknd walking in New York City, owned and registered by Peterson, a New York based professional photographer. Accordingly, Peterson seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Peterson is a professional photographer in the business of licensing his photographs to print and online media for a fee having a usual place of business at 5 Maxwell Street, Albany, New York 12208.

6. Upon information and belief, Marc Jacobs is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 72 Spring Street, New York, New York 10012. Upon information and belief, Marc Jacobs is registered with the New York State Department of Corporations to do business in New York. At all times material hereto, Marc Jacobs has operated their Instagram page at the URL: www.Instagram.com/MarcJacobs (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Peterson photographed model Bella Hadid and her boyfriend The Weeknd walking in New York City (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Peterson then licensed the Photograph to Daily Mail. The Daily Mail, ran an article that featured of the Photograph entitled *Bella Hadid turns her back on boyfriend The Weeknd as he gleefully records her on his phone.* See: https://www.dailymail.co.uk/tvshowbiz/article-6636691/Bella-Hadid-turns-boyfriend-Weeknd-gleefully-records-phone.html. Peterson's name was featured on a watermark on the photograph

identifying him as the photographer of the Photograph. A screenshot of the Photograph on the article is attached hereto as Exhibit B.

9. Peterson is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-148-910.

**B.  Defendant's Infringing Activities**

11. Marc Jacobs ran the Photograph on the Website. See: https://www.instagram.com/p/BtJXEd7jwzK/. Screenshots of the Photograph on the Website are attached hereto as Exhibit C.

12. The Photograph received approximately 17,320 likes.

13. The Photograph was used to promote Marc Jacobs clothing.

14. Marc Jacobs did not license the Photograph from Plaintiff for its Website, nor did Marc Jacobs have Plaintiff's permission or consent to publish the Photograph on its Website.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. Marc Jacobs infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Marc Jacobs is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Marc Jacobs have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
### (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the Daily Mail which contained a watermark on the Photograph stating, "Christopher Peterson" and Defendant cropped off the watermark and placed it on its Website.

24. Upon information and belief, Marc Jacobs intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Marc Jacobs violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Marc Jacobs's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Marc Jacobs intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Marc Jacobs also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

28. As a result of the wrongful conduct of Marc Jacobs as alleged herein, Plaintiff is entitled to recover from Marc Jacobs the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Marc Jacobs because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Marc Jacobs statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Marc Jacobs be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Marc Jacobs be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York

June 30, 2019

                                                                   LIEBOWITZ LAW FIRM, PLLC

                                                                By: /s/Richard Liebowitz
                                                                     Richard P. Liebowitz
                                                        11 Sunrise Plaza, Suite 305
                                                        Valley Stream, NY 11580
                                                        Tel: (516) 233-1660
                                                        RL@LiebowitzLawFirm.com

                                                        *Attorneys for Plaintiff Christopher Peterson*